# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4281 | **DATE** | 7/12/2010 |
| **CASE TITLE** | Eric Robert Dughetti (R-48046) v. Mokena Police Department, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [3] is denied without prejudice. Plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the supporting information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. Plaintiff's complaint is dismissed without prejudice. Plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of Plaintiff to comply with this order within thirty days will result in summary dismissal of this case.

■[For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Plaintiff, Eric Robert Dughetti, an inmate at the Stateville Correctional Center, has brought this *pro se* action pursuant to 42 U.S.C. § 1983.

    Plaintiff seeks leave to file his complaint *in forma pauperis*. However, Plaintiff failed to file a complete petition for leave to proceed *in forma pauperis*. Persons lodging new lawsuits must either pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis,* using the court's form and signing under penalty of perjury. The form **requires** inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. The Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the lodging of the complaint. Plaintiff's motion includes only the first two pages of the court's form, is not certified by the trust fund officer, and does not include a certified copy of his trust fund account for the 6-month period immediately preceding the filing of the complaint. If Plaintiff wants to proceed, he must file a new motion for leave to file *in forma pauperis* on the Court's form and have an authorized official provide information regarding Plaintiff's trust fund account for the 6-month period immediately preceding the lodging of the complaint and a copy of his trust fund account for that same time period. Plaintiff must also write the case number in the space provided for it. Failure to complete the required form fully or otherwise comply with this order are grounds for dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980).

    Under 28 U.S.C. § 1915A, the Court is also required to conduct a prompt review of the complaint.

    Plaintiff alleges that several Mokena police officers used excessive force against him during his arrest. Plaintiff does not indicate when or where the alleged excessive force took place. As such, Plaintiff's complaint is not sufficient. To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), Plaintiff must state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Here, Plaintiff fails to provide the Defendants any indication of when the alleged unconstitutional conduct took place.

    The Court accordingly dismisses the complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint on the forms required by Local Rule 81.1 of this Court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied

| STATEMENT |
|---|
| from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.<br><br>      Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. *See Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). Therefore, **all** allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.<br><br>      In sum, Plaintiff must, on or before 30 days from the date of this order, **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee **and** submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee. |
|  |